UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIDNEY DONALD JENKINS, III,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>　　　　　　Defendants. | CASE NO. C17-5192 BHS-TLF<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 27), and Plaintiff's objections to the R&R (Dkt. 28).

On March 30, 2017, Plaintiff filed his original complaint. Dkt. 6. Plaintiff subsequently filed his amended complaint on June 7, 2017. Dkt. 22. Plaintiff's original complaint and the operative amended complaint both are premised on allegations that Defendants have unlawfully burdened or violated his First Amendment rights. Dkts. 6, 22. His operative complaint alleges that he is being denied access to prayer oil, that he is being prohibited from sharing religious writings with other inmates, that his religious materials were wrongfully taken when he was transferred, and that his various grievances

have been denied as retaliation for his complaint regarding the religious neck-tattoo of a prison guard. Dkt. 22; *see also* Dkt. 28 at 2–3.

On May 31, 2017, Plaintiff moved for a temporary restraining order ("TRO") and preliminary injunction. Dkt. 14. In his motion, Plaintiff seeks to halt and replace the food currently being served to Muslims at Clallam Bay Corrections Center due to his belief that contaminated food is being included in the Halal meals. Dkts. 14-1, 14-2. On September 12, 2017, Judge Fricke entered the R&R, recommending that the Court deny Plaintiff's motion. Dkt. 27. On September 24, 2017, Plaintiff objected to the R&R. Dkt. 28.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The R&R recommends denying Plaintiff's requested TRO and preliminary injunction because the requested relief is "wholly unrelated to the claims raised in his amended complaint." Dkt. 27 at 3. Plaintiff objects on the basis that his requested injunction is not wholly unrelated to the underlying complaint, as he asserts that the purported food contamination, limited access to prayer oil, and prohibition on sharing religious materials all result from an alleged animus towards Muslims. Dkt. 28 at 4. While Plaintiff is correct that the allegations regarding food contamination may bear some relationship to the factual allegations in his complaint due to a shared underlying religious animus, the requested injunction asserts a distinct violation of Plaintiff's rights

based on a set of factual allegations not included in the complaint. In that regard, Plaintiff's motion is predicated on a wholly separate legal claim or injury and is unrelated to the allegations and claims in his underlying complaint. Even if Plaintiff could convincingly show that Defendants were violating his rights with the halal meals currently offered, the Court would lack authority to grant the requested injunctive relief absent another amendment to the complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). If Plaintiff wishes to again amend his complaint to add an additional claim based on the condition of the halal meals offered at CBCC, he should seek leave of Judge Fricke in an appropriate motion.

Having considered the R&R, Plaintiff's objections, and the remaining record, the R&R is **ADOPTED** and Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge